Bangor & Piscataquis Rail Road Co. v. Harris.

BANGOR AND PISCATAQUIS RAIL ROAD COMPANY *versus* ELBRIDGE HARRIS.

The act incorporating the Bangor and Piscataquis Rail Road Company, among other things, authorized them to " procure, purchase and hold in fee simple, improve and use for all purposes of business, to be transacted on or by means of said Rail Road, lands or other real estate, and to manage and dispose thereof, as they may see fit ;" and provided, " that the capital stock of said Company may consist of three hundred thousand dollars, and shall be divided into shares of one hundred dollars each, *to be holden and considered as personal estate.*" *It was held,* that the real estate owned and used by the company, either as a rail road or as a depot, was not subject to taxation, otherwise than as personal estate, unless the legislature should specifically prescribe differently.

THIS case was submitted for the opinion of the Court, without argument, upon the statement of facts found at the commencement of the opinion.

*Cutting,* for the plaintiffs.

*Cony,* for the defendant.

The opinion of the Court was drawn up by

WHITMAN C. J. — By the statement of facts agreed upon by the parties, it appears, that this is a writ of entry, wherein the plaintiffs are seeking to obtain possession of two lots of

land of which, it is conceded, they are the rightful owners unless the defendant has obtained a title paramount to theirs by a sale for taxes, assessed thereon by the inhabitants of Orono. It is admitted that the modes of proceeding by the assessors and collector were correct; and the only question in controversy is, whether the inhabitants of Orono had a right to levy a tax upon the lots. These lots, it is also agreed, were the depots of the plaintiffs' rail road, at the villages of Old-town and Upper Stillwater in said town.

By the act incorporating the plaintiffs (c. 307, § 8,) they were authorized to "procure, purchase, and hold in fee simple, improve and use, for all purposes of business, to be transacted on or by means of said Rail Road" among other things, "lands or other real estate, and to manage and dispose thereof, as they may see fit." § 11 of the same act provides, "that the capital stock of said company may consist of three hundred thousand dollars, and shall be divided into shares of one hundred dollars each, *to be holden and considered as personal estate.*"

The property in the Rail Road, being thus converted, by statute, into personal estate, was no longer subject to taxation, otherwise than as personal estate unless the legislature should think fit, by the tax act or otherwise, specifically to prescribe. And we are not aware that in 1840, when the tax in question was imposed, any such provision was in existence. The inhabitants of Orono, might as well tax the whole of the land within their town, taken for the Rail Road, as to tax the two depots in question; and any other town through which it passes might, with equal propriety, do the same. The interest in this Rail Road, being personal estate, was no otherwise taxable than as such. Each shareholder was taxable for the amount of his interest in it, in the town where he resided, and not elsewhere; and to allow the inhabitants of the towns, through which it might pass, to tax it, would be subjecting it to a double taxation which could be tolerated neither by the policy, nor justice of the law, and the legislature never could have designed any such thing.

The defendant must be defaulted, and judgment be thereupon entered, that the plaintiffs recover seisin and possession of the demanded premises.